### MARION COUNTY *v.* BENTONVILLE TAYLOR.

BOARDS OF SUPERVISORS. *Their power to employ counsel.*

Article 35 of chapter 59 of the Code of 1857 provided that "the Boards of Police shall have power, at their discretion, to employ counsel in all civil cases in which the county is interested, to conduct the proceedings, instead of the district attorney," etc. This provision refers, to suits pending or about to be instituted, in the courts, and did not authorize a board of police (afterwards, board of supervisors) to employ counsel to procure the governor to make an order requiring the county officers to give new bonds with good and sufficient sureties, and to procure their removal from their respective offices in case they, or any of them, failed to comply with such order.

ERROR to the Circuit Court of Marion County.

Hon. J. M. ARNOLD, Judge, specially presiding, by exchange with Hon. J. S. Hamm.

The case is stated in the opinion of the court.

*T. C. Catchings,* Attorney-General, for the plaintiff in error.

The only power possessed by the Boards of Supervisors, in January, 1871, to employ special counsel, was that conferred by article 35, page 420, of the Code of 1857. This provision had reference to cases in court and to legal proceedings. It authorized such boards to employ counsel only in cases, and did not authorize them to employ counsel to perform services other than those usually performed by lawyers. The services performed by the defendant in error might have been performed by any other person as well as by a lawyer. It was not neces-

sary to institute any legal proceedings, and no skill in, or professional knowledge of, the law was required in the performance of such services.

*T. C. Catchings* also argued the case orally.

*Bentonville Taylor*, the defendant in error, *pro se.*

When this case was adjudicated by this court before, and the only question submitted to the court for its consideration was whether or not the contract with the Board of Supervisors was valid, the court held that " section 1385 (of the Code of 1871) authorized the Boards of Supervisors, ' in their discretion, to employ counsel in all civil cases in which the county is interested, and in matters in relation to the state and county taxes, to conduct the proceedings, instead of the district attorney, and to pay such counsel out of the county treasury ; and such proceedings shall be as valid as if conducted by the district attorney.' Under the last section the plaintiff in error was employed by the Board of Supervisors." The section referred to was section 1385 of the Code of 1871, which is the same as article 35, page 420, of the Code of 1857. This opinion expressly holds the contract to be legal and binding. Hence the question is *res adjudicata. Bentonville Taylor* v. *Marion County*, 51 Miss. 733.

*Bentonville Taylor* also made an oral argument.

CHALMERS, J., delivered the opinion of the court.

The defendant in error claims compensation as an attorney, for professional services alleged to have been rendered to the county of Marion, under and by virtue of an order of the Board of Supervisors of said county, made and entered on January 25, 1871. His services, as averred in the declaration, consisted in this, to wit: that " he instituted and prosecuted proper proceedings to require the clerks of the Chancery and Circuit Courts, and the sheriff and tax-collector, of said county, to give good and sufficient bonds, with good and sufficient sureties, and to remove them from their respective offices for default in making said bonds ; and, said officers having failed

to give such bonds, he procured said officers to be removed from their said offices."

For these services he charges a fee of $600. In his testimony he states that he accomplished the removal of the officers, by visiting the city of Jackson, in the year 1871, and by affidavits submitted to the then governor of the state, establishing the insufficiency of the bonds of the officers, and also their malfeasance in office, and thereby procuring from the governor an order requiring the execution of better bonds, which not being given, the clerks and sheriff were by the governor removed.

The order of the Board of Supervisors, under which the defendant in error acted, seems to have contemplated the performance of the identical services rendered, and to have promised reasonable compensation therefor; but it is manifest that the order was a nullity. At the date of its adoption there was no law authorizing the appointment of county attorneys generally. The Boards of Police (now Supervisors) were only authorized " to employ counsel in all civil cases in which the county was interested, to conduct the proceedings, instead of the district attorney." Code 1857, p. 420, art. 35. Evidently this refers to suits pending, or about to be instituted, in the courts, and not to such anomalous services as are here claimed to have been rendered. The Boards of Police, themselves, alone have power to require the giving of better bonds by county officials, and it was their duty to exercise this power whenever by them deemed necessary. Certainly they could not employ counsel, at the expense of the county, to induce themselves to do their duty. Still less could they impose an obligation on the county to pay counsel to induce the governor to make such an order, because the governor had no such power; and if he made the order, it was a nullity. He did have, at that time, authority to remove county officers, by the act of April 20, 1870 (Sess. Acts, 150), which act was by this court pronounced constitutional, in the case of *Cocke* v. *Newsom*, 44 Miss. 352; but it will scarcely be contended that

the Boards of Police or Supervisors could employ counsel, at the expense of the tax-payers, to procure the removal by the governor of county officials. Such a contract between private persons, acting *sui juris*, would impose no liability. *A fortiori* is it void where entered into by public officers utterly destitute of authority to make it. In justice to the learned judge below, it is to be remarked that he seems, from the recital contained in his judgment, to have considered the opinion of this court, when this case was formally before it, as compelling him to sustain the legality of the demand of the defendant in error. It was not so intended. It only affirmed the right of appeal to this court, and remanded the case to be proceeded with on its merits. *Bentonville Taylor* v. *Marion County*, 51 Miss. 731.

Judgment reversed, and judgment final entered here for the plaintiff in error.